IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISON

FILED
MAY 2 3 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
       DEPUTY CLERK

| | |
|---|---|
| El PASO APARTMENT ASSOCIATION, et. al, § § § | |
| Plaintiffs, § § | CAUSE No. |
| v. § § | EP-08-CA-145-DB |
| CITY OF EL PASO, et al., § § § | |
| Defendants. § | |

# DEFENDANTS' ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT**:

DEFENDANTS the City of El Paso, Texas ("City"), the El Paso Water Utility – Public Service Board ("EPWU"), and Edmund G. Archuleta, in his official capacity as President and CEO of EPWU )("Archuleta"), all collectively "Defendants", file this their Original Answer to the Original Complaint of the El Paso Apartment Association ("EPAA"), et al. (all collectively "Plaintiffs"), and respond to the allegations in Plaintiffs' Original Complaint (the "Complaint") as follows:

## (PARTIES)

1. Defendants are without information sufficient to permit them to admit or deny the allegations contained in paragraph 1 of the Complaint.

2. Defendants are without information sufficient to permit them to admit or deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants are without information sufficient to permit them to admit or deny the allegations contained in paragraph 3 of the Complaint.

4   Defendants are without information sufficient to permit them to admit or deny the allegations contained in paragraph 4 of the Complaint.

5.   Defendants are without information sufficient to permit them to admit or deny the allegations contained in paragraph 5 of the Complaint.

6.   Defendants are without information sufficient to permit them to admit or deny the allegations contained in paragraph 6 of the Complaint.

7.   Defendants admit the allegations contained in paragraph 7 of the Complaint.

8.   Defendants admit that Archuleta is a resident of the City; and the other allegations of paragraph 8 of the Complaint.

### (JURISDICTION)

9.   The allegations of paragraph 9 of the Complaint are conclusions of law which Defendants are not required to admit or deny.

10.   The allegations of paragraph 10 of the Complaint are conclusions of law which Defendants are not required to admit or deny.

11.   The allegations of paragraph 11 of the Complaint are conclusions of law which Defendants are not required to admit or deny.

12.   The allegations of paragraph 12 of the Complaint are conclusions of law which Defendants are not required to admit or deny.

### (FACTUAL BACKGROUND)

13.   Defendants admit the allegations of paragraph 13 of the Complaint, except that the fee imposed by Ordinance No. 16668 (the "Ordinance") is in fact a storm water drainage fee, and is not merely "purported" to be such a fee.

14.   Defendants admit the allegations contained in paragraph 14 of the Complaint.

2

15. Defendants admit the allegations contained in paragraph 15 of the Complaint.

16. Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. Defendants are without sufficient information to admit or deny the allegations of the first sentence of paragraph 17 of the Complaint. Defendants deny the allegations of the second sentence of paragraph 17 insofar as it alleges that owners or residents of single-family homes are necessarily "similarly situated" for the purposes of legal analysis of the complaints in this suit; and therefore deny that the Ordinance fees are "higher" on one group than the other in any normative sense, and deny that there is resulting disparate treatment.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint, except only to the extent that it alleges that the storm water drainage rates charged to different classes of ratepayers have a different basis.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in paragraph 23 of the Complaint, to the extent that it alleges that ratepayers are required to pay the lawfully-imposed rates established by the Ordinance; and that a continuing and uncured failure to pay such fees could, in appropriate circumstances, result in disconnection of a delinquent ratepayer's water supply from EPWU.. Otherwise, Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations in paragraph 24 that Plaintiffs have been "forced" to retain legal counsel; or that they are incurring reasonable attorneys' fees in pursuing this suit, as this suit is frivolous.

### (PLAINTIFFS' FIRST CAUSE OF ACTION: FAIR HOUSING ACT OF 1968)

25. The allegations of paragraph 25 of the Complaint are conclusions of law which Defendants are not required to admit or deny. The statute speaks for itself.

26. The allegations of paragraph 26 of the Complaint are conclusions of law which Defendants are not required to admit or deny. The statute speaks for itself.

27. The allegations of paragraph 27 of the Complaint are conclusions of law which Defendants are not required to admit or deny. The statute speaks for itself.

28. Defendants are without information sufficient to permit them to admit or deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants admit the allegations contained in paragraph 29 of the Complaint, to the extent that it alleges that an attachment to the Complaint was denominated "Exhibit B", but are without information sufficient to permit them to admit or deny the allegations contained in that "Exhibit B" or admit its authenticity.

30. Defendants deny the allegations contained in the first part of the sentence comprising paragraph 30 of the Complaint, insofar as it asserts that the Ordinance has a disparate impact on minority groups. Defendants are without information sufficient to permit them to admit or deny the allegations the second part of the sentence comprising paragraph 30, insofar as it alleges that "minorities constitute a greater percentage of apartment tenants than of the population as a whole."

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. D Defendants deny the allegations contained in paragraph 32 of the Complaint.

### (PLAINTIFFS' SECOND CAUSE OF ACTION: CONSTITUTIONALLY EXCESSIVE FEE)

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. The allegations of paragraph 34 of the Complaint are conclusions of law which Defendants are not required to admit or deny.

35. The allegations of paragraph 35 of the Complaint are conclusions of law which Defendants are not required to admit or deny.

36. The allegations of paragraph 36 of the Complaint are conclusions of law which Defendants are not required to admit or deny. Defendants deny that the storm water drainage fees imposed by the Ordinance are "taxes."

37. The allegations of the first sentence of paragraph 37 of the Complaint are conclusions of law which Defendants are not required to admit or deny. Defendants deny the allegations of the second sentence of paragraph 37 to the extent that it alleges that the Ordinance is not lawful or was not lawfully adopted; and deny all other allegations contained in that sentence.

38. The allegations of paragraph 38 of the Complaint are conclusions of law which Defendants are not required to admit or deny. The Constitutional provision speaks for itself.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint, to the extent it alleges that the rates imposed by the Ordinance, and the rate structure of the

Ordinance, lack a rational basis. Defendants deny that "this difference" as characterized by Plaintiffs is an accurate characterization of the rate structure of the Ordinance.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants admit the allegations contained in paragraph 46 of the Complaint insofar as they allege that the Mayor of the City was quoted as described, as having said what is attributed to him in the paragraph, but deny that the statement is evidence supporting any of the allegations contained in paragraphs 39-45 of the Complaint (or any others that allege that the Ordinance is unlawful).

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

### (PLAINTIFFS' THIRD CAUSE OF ACTION: DENIAL OF EQUAL PROTECTION)

48. The allegations of paragraph 48 of the Complaint are conclusions of law which Defendants are not required to admit or deny.

49. The allegations of paragraph 49 of the Complaint are conclusions of law which Defendants are not required to admit or deny.

50. The allegations of paragraph 50 of the Complaint are conclusions of law which Defendants are not required to admit or deny.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

## (REMEDIES REQUESTED BY PLAINTIFFS)

56. Defendants admit the allegations contained in paragraph 56 of the Complaint insofar as they describe what Plaintiffs seek; but deny that Plaintiffs are entitled to such findings or declarations.

57. Defendants admit the allegations contained in paragraph 57 of the Complaint insofar as they describe what Plaintiffs seek; but deny that Plaintiffs are entitled to such injunctive relief.

58. Defendants admit the allegations contained in paragraph 58 of the Complaint insofar as they describe what Plaintiffs seek, but deny that there is any entitlement to restitution for their payment of any storm water drainage fees imposed by the Ordinance, or that they will be "forced" to pay such fees pending determination by this Court of the lawfulness of such fees.

59. Defendants admit the allegations contained in paragraph 59 of the Complaint insofar as they describe what Plaintiffs would like to show, but deny that Plaintiffs have been forced to retain the services of legal counsel, or that any attorneys' fees they are incurring are reasonable, as this suit is frivolous. Defendants deny that Plaintiffs are entitled to an award of attorneys' fees under the statutes cited.

60. Defendants admit the allegations contained in paragraph 60 of the Complaint insofar as they describe what Plaintiffs seek, but deny that Plaintiffs are entitled to recoer any costs in this case, or to obtain any other relief.

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

61. <u>Standing – Equal Protection claim.</u> Plaintiffs lack standing to assert any Equal Protection claims on behalf of any apartment tenants. Plaintiffs may only assert Equal

Protection claims on their own behalf. Therefore, Plaintiffs may not rely on or complain of the portion of the storm water drainage fee that is attributable directly to individual apartment units ("apartment unit portion of the fee"). The portion of the storm water drainage fee that is germane to Plaintiffs' Equal Protection claim is only the portion that does not include the fees directly attributable to individual apartment units ("apartment owner portion of the fee").

62.   <u>Standing – Fair Housing Act claim.</u>  Plaintiffs lack standing to assert a Fair Housing Act claim other than on behalf of the protected minority tenants in their apartment complexes. Plaintiffs are an association that represents the interests of apartment property owners in El Paso, and otherwise are all apartment property owners in El Paso. As such, none is a member of the class of persons protected under the Fair Housing Act. Therefore, under the Fair Housing Act Plaintiffs may complain only of the apartment unit portion of the fee, and may not complain on behalf of the protected class of minority members of the apartment owner portion of the fee.

63.   <u>Standing – Fair Housing Act claim – no disparate impact.</u>  Plaintiffs lack standing to assert a Fair Housing Act claim on behalf of their tenants who are members of the minority class protected under that Act, because they cannot make an even prima facie case of disparate impact on those minority tenants arising from the imposition by Defendants of the storm water drainage fee

(a)   First, under the new fee structure adopted by the EPWU Public Service Board on May 7, 2008, apartment residents will be charged a fee equal to or less than the fee charged to individual ratepayers in the residential class. Apartment units will be

assessed a residential rate corresponding to their physical area,[1] divided among units located over the same impervious cover "footprint" portion of the building (*e.g.*, in a three-story complex, each apartment unit in a "stack" of three vertical units occupying the same relative floor location will pay one-third of the applicable residential rate).

(b)     Second, imposition of a fee on apartment tenants in the protected minority class is per se not a disparate impact on them, as compared to the protected minority members of the residential ratepayer class, because

(i)     the minority groups protected under the Fair Housing Act constitute a strong numerical majority of the total population of the city (approximately 85.36%);[2] *i.e.*, the city as a whole is a strong "majority minority" jurisdiction; and

(ii)    the number of protected minority group households in El Paso that occupy owner-occupied housing (58.7%) is comparable to the city-wide average (61.3%), and greatly exceeds the number of protected minority households in El Paso that occupy renter-occupied housing (41.3%), which also is comparable to the city-wide average (38.7%).[3]

That is, the relevant universe of minority population protected under the Fair Housing Act is the entire minority population of the city, not merely the portion of the protected minority groups that resides in apartments.

---

[1] Initially, because individual apartment unit sizes are not known, each apartment unit will be assessed the fee applicable to the smallest size band for residential ratepayers.

[2] Source: US Census Bureau, 2006 American Community Survey, data set B03002 – Universe: Total Population, and Universe: Total Population: not Hispanic or Latino, White alone.

[3] Source: US Census Bureau, 2006 American Community Survey, data set B25003 – Tenure – Universe: occupied housing units; and data set B25003H – Tenure (White alone, not Hispanic or Latino householder) – Universe: Occupied housing units with a householder who is White alone, not Hispanic or Latino.

(c) Third, because of this demographic distribution of minority households, any relief obtained by Plaintiffs from the storm water drainage fee will be shifted in substantial part to the residential ratepayer class, which itself consists predominantly of protected minority households. That is, any relief obtained will directly impact other members of the protected minority groups, and, because of the numerical majority of owner-occupied households among the protected minority groups (58.7%), would actually result in a disparate impact on the majority of minority ratepayers, who are in the residential class.

64. <u>RULE 11 – frivolous suit; attorneys' fees</u>. Fed. R. Civ. Proc. 11 requires that a plaintiff exercise at least a minimum amount of diligence regarding the underpinnings, legal and factual, of the suit before filing it. That minimum investigation was lacking here. Each of Plaintiffs' claims fails for factual reasons that are obvious:

(a) The Equal Protection claim – as to Plaintiffs as apartment owners – fails trivially, because there is clearly a demonstrable rational basis for the storm water drainage fee. The fee is clearly based on a revenue requirement, reasonably determined according to traditional ratemaking principles. Plaintiffs do not challenge the use of impervious cover as a proper measure of the fee allocation. The revenue requirement is allocated between the two rate classes (residential and non-residential) based on the relative total amount of impervious cover attributable to each rate class, which is reasonable on its face. Within each class, the fee is assigned to ratepayers on the basis of impervious cover attributable to the ratepayer, which is reasonable on its face. Within the non-residential rate class, each Plaintiff is treated identically to all other non-residential ratepayers:

Their impervious cover is determined directly based on the actual configuration of their individual properties. The classification of Plaintiffs, apartment complex owners, as non-residential ratepayers has a facially rational basis. That is, every aspect of the storm water drainage fee determination as to Plaintiffs has a clear and unequivocal rational basis.

(b)   The supplemental jurisdiction state law claim fails trivially, because there is clearly an actual, reasonable revenue requirement as the underlying basis for the fee. It is, on its face, not an "occupation tax" under Texas law, merely intended to generate general fund revenues. Indeed, the fees collected are based upon anticipated cost of service and expressly dedicated to use for the storm water drainage service.

(c)   The Fair Housing Act claim fails trivially. The storm water drainage fee rates are based on reasonably determined revenue requirements, are allocated to the major ratepayer classes based on the relative amounts of impervious cover attributable to the classes, and are allocated in the class based on measures of impervious cover. Indeed, as the rates were amended on May 7, 2008, apartment occupant ratepayers are assessed the residential class fee corresponding to the apartment's floor plan area (the total of which, for a particular apartment complex, is the "apartment unit portion" of the fee). There is *per se* no disparate impact. In addition, Plaintiffs have failed to allege a disparate impact on any protected minority group in any event: A substantial numerical majority of the population of El Paso are protected minority persons; the majority of owner-occupied housing in the city is owned by minority class members; and

the majority of minority households in the city live in owner-occupied housing. Any relief granted to apartment occupant ratepayers would be shifted predominantly to minority residential ratepayers.

Each of Plaintiffs' three claims is trivially lacking in merit and frivolous. Any misconception Plaintiffs might have had about the basis for the rates – that they were in fact predicated on a reasonable revenue requirement, were allocated reasonably according to traditional ratemaking principals, or were based rationally upon reasonable measures of impervious cover as to each ratepayer – would have been discoverable by any even minimal exercise of diligence of the kind required by Rule 11. All this information is a matter of public record. These claims were brought for political purposes, and are not themselves reasonably based in fact or law. That being so, Defendants request that this Court award Defendants reasonable attorneys' fees and costs, and such other sanctions under Rule 11 as the Court deems appropriate.

## RELIEF REQUESTED

65. Defendants respectfully request the Court grant the following relief to Defendants:

    (a)    that each of Plaintiffs' claims be denied on the merits in all aspects;

    (b)    that Plaintiffs' request for equitable and injunctive relief be denied in all aspects; and

    (c)    that Defendants be awarded reasonable attorneys fees and costs, and such other relief to which Defendants may show themselves entitled.

Respectfully submitted,

Douglas G. Caroom
State Bar No. 03832700

Sydney W. Falk, Jr.
State Bar No. 06795400

Bickerstaff Heath Delgado Acosta LLP
816 Congress Ave., Suite 1700
Austin, Texas 78701
Tel: (512) 472-8021
Fax: (512) 320-5638

Alejandro (Alex) Acosta, Jr.
State Bar No. 00835600
Bickerstaff Heath Delgado Acosta LLP
1112 Montana Avenue
El Paso, Texas 79902
Tel: (915) 533-1810
Fax: (915) 533-1841

Robert D. Andron
State Bar No. 01254600
El Paso Water Utilities - Public Service Board
1154 Hawkins Boulevard
El Paso, Texas 79925
Tel: (915) 594-5607
Fax: (915) 594-5699

By: _____
         Alejandro (Alex) Acosta, Jr.

Attorney for Defendants
City of El Paso, et al.

## **CERTIFICATE OF SERVICE**

    I hereby certify, by my signature below, that on May 21, 2008, I filed the foregoing Defendants' Original Answer with the Clerk of Court via U.S. First Class Certified Mail to the following participants:

James A. Martinez
James A. Martinez, P.L.L.C.
501 N. Kansas, Suite 201
El Paso, Texas 79901
915/543-9718 (fax)

John P. Mobbs
4157 Rio Bravo
El Paso, Texas 79902
915/532-8373 (fax)

_Douglas D. Carson for_
Alejandro (Alex) Acosta, Jr.