IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISON

| | |
|---|---|
| El PASO APARTMENT ASSOCIATION, EPT APACHE ARMS LP, EPT CORTESIA DEL REY APARTMENTS LP, EPT SANTA FE VILLAGE APARTMENTS LP, EPT DESERT TREE APARTMENTS LP, EPT DOS SANTOS APARTMENTS LP, EPT HIGH VISTA APARTMENTS LP, EPT LA ESTANCIAS APARTMENT LLC, EPT LA MIRADA APARTMENTS LP, EPT LAKESIDE APARMENTS LP, PADRES VILLAGE LIMITED, 415 REDD ROAD LP, EPT SAN MARCOS APARTMENTS LP, SAN MARIN APARTMENTS LP, EPT SAN MATEO APARTMENTS LP, EPT SAN MIGUEL APARTMENTS LLC, MISSION TRAIL LTD, EPT SAN PEDRO APARTMENTS LP, EPT SAND PEBBLE APARTMENTS LP, EPT SEDONA PEAK, APARTMENTS LP, EPT CORTE BELLA APARTMENTS LP, DT BELLA PALMS APARTMENTS LP, RA THE MASTERS COMMUNITY LLC, EPT TRES VISTAS APARTMENTS LLC, EPT TREVINO PLACE APARTMENTS LP, EPT VALLEY RIDGE APARTMENTS LP, MAJESTIC EMPLOYEES LTD, DT BELLA PALMS APARTMENTS LP, COOPERTOWN LTD, SOUTH COOPERTOWN LTD, SUNSET PALMS LTD, BURGUNDY PALMS LTD, CASTNER PALMS LTD, PUEBLO MONTANA APARTMENTS LTD, CAPISTRANO PALMS, LTD, TROPICANA PALMS LTD, AMERICAS PALMS LTD, DIANA PALMS LTD, DEER PALMS LTD, PATRIOT PALMS LTD, PASEO PALMS LTD, EDGEMERE LTD, NORTON MANOR LTD, ROSE-ALTUDA ARMS, LP, ROSE-CORONADO TRAILS, LP, and ULLOA CORPORATION d/b/a DEL PRADO PROPERTIES, |  |
| Plaintiffs, | |
| v. | Cause No. EP08CA0145 |
| CITY OF EL PASO, and EDMUND G. ARCHULETA IN HIS OFFICIAL CAPACITY AS PRESIDENT AND CHIEF EXECUTIVE OFFICER OF THE EL PASO WATER UTILITIES PUBLIC SERVICE BOARD, | |
| Defendant. | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Plaintiffs and file this First Amended Complaint against the City of El Paso and Edmund G. Archuleta (collectively, "Defendant") in his official capacity and in support thereof say:

### PARTIES

1. Plaintiff El Paso Apartment Association ("EPAA") is a nonprofit Texas Corporation and trade industry group representing apartment owners and managers in El Paso County, Texas. It brings this action on behalf of itself and its members.

2. EPAA members own or manage over 34,000 multi-family housing rental units in El Paso County.

3. EPAA is an affiliate of the Texas Apartment Association.

4. The other Plaintiffs are limited partnerships, limited liability companies and/or limited liability partnerships that own or manage apartment complexes in El Paso, Texas.

5. Exhibit A to this Complaint identifies the addresses of the rental properties owned or managed by each Plaintiff other than EPAA.

6. Plaintiffs conduct business in El Paso County, Texas.

7. Defendant City of El Paso is a Texas home rule City that may be served with process by serving its Mayor, John Cook, at 2 Civic Center Plaza, 10th Floor, El Paso, Texas 79901, or wherever he may be found.

8. Defendant Edmund G. "Ed" Archuleta is an individual believed to reside in El Paso County, Texas, who is sued only in his official capacity as president/chief executive officer of the El Paso Water Utilities Public Service Board. He may be served with process at his regular place of business, 1154 Hawkins, El Paso, Texas, 79925 or wherever he may be found.

## JURISDICTION

9. Plaintiffs bring this cause of action pursuant to Title VIII of the Civil Rights Act of 1968 (sometimes referred to as "The Fair Housing Act" or the "Act"), the Fourteenth Amendment to the United States Constitution and 28 U.S.C. §§ 2201 and 2202.

10. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331.

11. Plaintiffs also bring this cause of action pursuant to the statues and Constitution of the State of Texas.

12. The Court has supplemental jurisdiction over Plaintiffs' State law claims pursuant to 28 U.S.C. §1367.

## FACTUAL BACKGROUND

13. On or about June 19, 2007, Defendant the City of El Paso implemented Ordinance 16668 for the purpose of imposing a purported stormwater drainage fee on property owners and occupiers in El Paso, Texas.

14. The City of El Paso, by and through its Public Service Board, implemented PSB Rule and Regulation Number 3 as part of the ordinance identified above.

15. Edmund G. Archuleta is an employee of the City of El Paso and is charged with enforcing Ordinance 16668.

16. Defendant's ordinance and Rule and Regulation Number 3 impose certain stormwater charges on Plaintiffs' properties based on Defendant's assessment of the impervious surface area that exists at the properties, including all parking areas, driveways, walkways, and other paved areas.

17. Racial and ethnic minorities constitute a larger percentage of Plaintiffs' tenants than the percentage of the population that lives in individual homes. Defendant's stormwater fee has a disparate impact on these tenants because it imposes a higher charge on these tenants than it does for similarly situated owners or residents of single-family homes. Because of this disparate impact,

Defendant's charges impermissibly discriminate against minorities who reside in apartments in El Paso.

18. There is no rational basis for the distinction drawn by Defendants between Plaintiffs' property and individual houses, duplexes, and triplexes, because all categories of paved surfaces are used for the same purpose and create the same amount of stormwater drainage on a per square foot basis.

19. Defendant has simply chosen to impose a greater burden on the residents and owners of multi-family residential structures than on the residents and owners of single-family residential structures.

20. Defendant has attempted to justify the higher fees imposed on multi-family residential housing by classifying these properties and the water meters that serve them as commercial. Defendants' decision to create this classification is not a rational basis for the distinction drawn by Defendants, and does not justify the disparate impact on persons of racial and ethnic minorities.

21. The primary purpose of the fee assessed by Defendant is the raising of revenue. However, the revenue which Defendant seeks to raise by the imposition of the fee is not reasonably related to nor proportionate to the expenses it incurs or will incur or benefits conferred on behalf of the Plaintiffs or because of or in connection with Plaintiffs' property; nor is it reasonably related to or proportionate to the expenses it incurs or will incur or benefits conferred on their behalf or because of or in relation to their property as compared with single-family residential structures.

22. Instead, Defendant's charge is in effect a tax on the occupation of renting residential apartments.

23. Plaintiffs are forced to pay the fees charged by Defendant, under penalty of having the water service discontinued to the tenants residing in the apartments if those fees are not paid.

24. Plaintiffs have been forced to retain counsel in order to enforce their rights, and are incurring reasonable and necessary attorneys' fees in pursuing this action.

## FIRST CAUSE OF ACTION: FAIR HOUSING ACT OF 1968

25. The Fair Housing Act of 1968 prohibits discrimination on the basis of race, color, or nation origin in the terms, privileges or conditions of the sale or rental of a dwelling, and in the provision of services of facilities in connection therewith.

26. The Act applies to municipalities such as Defendant the City of El Paso.

27. The Act prohibits enactment of a facially neutral ordinance or policy that has a disparate impact on the basis of race, color, or national origin.

28. United States Census Data for 2006 demonstrates that racial and ethnic minorities constitute a greater percentage of apartment dwellers than of the population as a whole.

29. Plaintiffs attach to this instrument an Exhibit B a true and correct copy of diagram that reflects homeownership rates among racial and ethnic groups in the State of Texas for 2006.

30. Defendant's stormwater drainage fee has a disparate impact on minorities because the imposition of fees naturally results in increased charged to apartment tenants; and because minorities constitute a greater percentage of apartment tenants than of the population as a whole.

31. Defendant's attempt to categorize multi-family housing as commercial property contradicts the plain language of the Fair Housing Act.

32. Defendant's attempt to categorize multi-family housing as commercial property violates the Fair Housing Act and the Fourteenth Amendment to the United States Constitution because it has a racially discriminatory impact.

## SECOND CAUSE OF ACTION: CONSTITUTIONALLY EXCESSIVE FEE

33. Pleading in the alternative, as permitted by law, Plaintiffs would show Defendant's stormwater fee is prohibited by the Constitution of the State of Texas because rather than being a legitimate fee, it is, in fact, a tax.

34. The Texas Constitution and principles of representative government place limits on the amount of a fee a municipality can impose on its citizens.

35. The amount of a fee must reflect the actual cost a municipality incurs to provide the service for which the fee is charged.

36. If the amount of the fee exceeds the municipality's cost, it is not a fee, but rather is an impermissible tax.

37. A tax cannot be imposed in the same manner as a fee because taxes are subject to other legal requirements such as publication of proposed rate and rollback elections. The City has not complied with legal requirements to impose such a tax.

38. Under Article VIII, §1 of the Texas Constitution, a tax cannot be imposed by a city on a person or corporation pursuing a profession or business in an amount greater than one-half of the occupation tax levied by the State on that profession or business.

39. In the instant case, the amount of the fee and the manner in which it is imposed on citizens do not, in fact, reflect the City's actual cost to provide the service for which the fee is being charged.

40. Among other things, a square foot of paved parking area at a single-family residence creates the same amount of water runoff, and therefore generates the same costs for Defendant, as a square foot of paved parking area at an apartment complex.

41. Defendant has chosen to impose a fee on the latter and not the former.

42. There exists no rational basis for this difference.

43. This means the City has not imposed the fee in a manner that reflects any reasonable relationship to the actual costs the City incurs or benefits conferred on Plaintiffs.

44. Defendant has not even attempted to determine the actual costs that the impervious area at any given property imposes on it.

45. Instead, Defendant has simply calculated the amount of revenue it wishes to collect for City-wide drainage improvements and then allocated that amount unevenly and arbitrarily among various property owners; and has arbitrarily allocated a disproportionately large amount to apartment complexes.

46. As evidence of the foregoing, Plaintiffs would show the Mayor of the City of El Paso is quoted in the April 25, 2008, edition of the El Paso Times as saying that "We believe it prudent for us to wait until we have gone through the appeals process so we can reasonably predict the income that will be derived from the fee structure before we make any adjustments." *See* Exhibit C.

47.     This methodology reveals Defendant's stormwater fee is not actually a fee, but an impermissible general revenue tax or occupation tax.

### THIRD CAUSE OF ACTION: DENIAL OF EQUAL PROTECTION

48.     Pleading in the further alternative, as permitted by law, Plaintiffs would show they are entitled to equal protection of the laws pursuant to the Fourteenth Amendment to the United States Constitution.

49.     When governmental entities enact regulations that distinguish between different groups of landowners, the constitution requires that there be a rational basis for the distinction, based on distinguishing characteristics which are relevant to the interests that the governmental body has authority to implement.

50.     A classification violates the Equal Protection clause of the constitution unless there is a rational relationship between the disparity of treatment and a legitimate public purpose.

51.     There is no rational basis for the distinction drawn by Defendant between owners and residents of apartment complexes, and owners and residents of single-family residences, duplexes, and triplexes in determination of its fee.

52.     Any possible basis of Defendant's distinction between owners and resident of apartment complexes, and owners and managers of single-family residences, duplexes, and triplexes is not based on distinguishing characteristics which are relevant to the interest that Defendant has authority to implement.

53.     Defendant's distinction between owners and residents of apartment complexes, and owners and residents of single-family residences, duplexes, and triplexes is not rationally related to any legitimate public purpose.

54.     The classification made by Defendant is not rationally related to the purpose of the rule imposed by Defendant.

55.     For all these reasons, Defendants' ordinance and rule are contrary to the Plaintiffs' constitutional guarantee of equal protection of the laws.

## REMEDIES

56. Pursuant to 42 U.S.C. §3613 and 28 U.S.C. §2201, Plaintiffs seek a finding and judicial declaration that the stormwater fee ordinance violates the Fair Housing Act of 1968, the Fourteenth Amendment to the United States Constitution and the Article VIII, section 1 of the Constitution of the State of Texas.

57. Pursuant to 42 U.S.C. §3613 and Federal Rule of Civil Procedure 65, Plaintiffs seek an injunction to prohibit Defendant the City of El Paso from imposing and/or collecting its stormwater fee on the properties owned or managed by Plaintiffs; and to prohibit Defendant Edmund Archuleta from enforcing Defendant's ordinance and Rule which violate the Fair Housing Act and the Fourteenth Amendment to the United States Constitution.

58. Pursuant to 42 U.S.C. §3613, Plaintiffs pray for restitution of any unlawful stormwater drainage fees that they may be forced to pay before the Court determines such fees to be illegal.

59. Plaintiffs would show Defendant's improper and illegal fee has made it necessary for them to engage attorneys. Pursuant to 42 U.S.C. §3631 and 28 U.C.S. §2202, Plaintiffs seek an award of reasonable and necessary attorneys fees.

60. Plaintiffs further request that they be awarded their costs of court, and such other relief to which they may be justly entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray Defendant be cited to appear and answer herein, for judgment over and against Defendant as described above, for a judicial declaration that Defendant's stormwater fee is illegal, for injunctive relief as described above, for attorneys fees, restitution, costs of court, and for such other and further relief, general or special, legal or equitable, to which they may be justly entitled.

Respectfully submitted,

*[signature]*

James A. Martinez
State Bar No. 00791192
James A. Martinez, P.L.L.C.
501 N. Kansas, Suite 201
El Paso, Texas 79901
915/543.9712
915/543.9718 fax

**Of Counsel:**
**JOHN P. MOBBS**
State Bar No. 00784618
4157 Rio Bravo
El Paso, Texas 79902
915/541.8810
915/532.8373 fax

*ATTORNEYS FOR PLAINTIFFS*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 14th day of Aug., 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alejandro Acosta, Jr.
*Bickerstaff Heath Delgado Acosta LLP*
P.O. Box 1649
El Paso, Texas 79949-1649

Douglas G. Caroom
Sydney W. Falk, Jr.
*Bickerstaff Heath Delgado Acosta LLP*
816 Congress Ave., Suite 1700
Austin, Texas 78701

*[signature]*

JAMES A. MARTINEZ

# EXHIBIT A

Cooperstown LTD
5001 Sean Haggerty
El Paso, Texas 79924

South Cooperstown LTD
5010 Sean Haggerty
El Paso, Texas 79924

Sunset Palms LTD
6149 S. Desert
El Paso, Texas 79912

Burgundy Palms LTD
9395 Betel
El Paso, Texas 79907

Castner Palms LTD
4651 Cohen Ave.
El Paso, Texas 79924

Pueblo Montana Apartments LTD
12060 Montana Ave.
El Paso, Texas 79936

Capistrano Palms LTD
8655 Adriana Ct.
El Paso, Texas 79907

Tropicana Palms LTD
3710 Lee Blvd.
El Paso, Texas 79936

Americas Palms LTD
12310-12311 Lorenzo Ruiz Road
El Paso, Texas 79936

Diana Palms LTD
4741 Joel
El Paso, Texas 79924

Deer Palms LTD
6350 Deer Rd.
El Paso, Texas 79924

Patriot Palms LTD
4980 Sean Haggerty
El Paso, Texas 79924

Paseo Palms, LTD
910 Sun Fire Rd.
El Paso, Texas 79936

EPT Apache Arms LP
10637 Edgemere
El Paso, Texas 79925

EPT Cortesia Del Rey Apartments LP
5815 Timberwolf
El Paso, Texas 79903

EPT Santa Fe Village Apartments LP
4554 Hercules
El Paso, Texas 79924

EPT Desert Tree Apartments LP
9300 Montana
El Paso, Texas 79925

EPT Dos Santos Apartments LP
3541 Peerless Place
El Paso, Texas 79925

EPT High Vista Apartments LP
5041 Alabama
El Paso, Texas 79930

EPT LA Estancias Apartments LLC
7900 Viscount Ave.
El Paso, Texas 79925

EPT La Mirada Apartments LP
10550 McCombs
El Paso, Texas 79924

EPT Lakeside Apartments LP
112 S. Little Flower
El Paso, Texas 79915

Padres Village Limited
270 Padres Dr.
El Paso, Texas 79907

415 Redd Road LP
415 W. Redd Road
El Paso, Texas 79932

EPT San Marcos Apartments LP
921 N. Zaragosa
El Paso, Texas 79907

San Marin Apartments LP
1450 George Dieter
El Paso, Texas 79936

EPT San Mateo Apartments LP
9300 Viscount
El Paso, Texas 79925

EPT San Miguel Apartments LLC
10505 Gran Cima
El Paso, Texas 79935

Mission Trail LTD
9133 Kernel Cir.
El Paso, Texas 79907

EPT San Pedro Apartments LP
7696 Alameda Ave.
El Paso, Texas 79915

EPT Sand Pebble Apartments LP
11280 Pebble Hills
El Paso, Texas 79936

EPT Sedona Peak Apartments LP
1901 Brown St.
El Paso, Texas 79902

EPT Corte Bella Apartments LP
611 N. Yarbrough
El Paso, Texas 79915

DT Bella Palms Apartments LP
9455 Viscount Blvd.
El Paso, Texas 79925

RA The Masters Community LLC
1750 N. Lee Trevino
El Paso, Texas 79936

EPT Tres Vistas Apartments LLC
1600 Arizona Ave.
El Paso, Texas 79902

EPT Trevino Place Apartments LP
10891 Edgemere
El Paso, Texas 79935

EPT Valley Ridge Apartments LP
1650 George Dieter
El Paso, Texas 79936

Majestic Employees LTD
9238 Betel
El Paso, Texas 79907

DT Bella Palms Apartments LP
10535 Montwood Dr.
El Paso, Texas 79935

Edgemere, Ltd
6770 Edgemere Blvd
El Paso, Texas 79925

Norton Manor, Ltd
8700 Norton Street
El Paso, Texas 79904

Rose-Altuda Arms, L.P.
5301 Woodrow Bean Trans Mountain Road
El Paso, Texas 79924

Rose-Coronado Trails, L.P.
Coronado Trails Apartments
300 Skyview
El Paso, Texas 79912

Ulloa Corporation d/b/a Del Prado Apartments
300 Shadow Mountain
El Paso, Texas 79912

# EXHIBIT B



# EXHIBIT C

Case 3:08-cv-00145-DB   Document 33   Filed 08/22/08   Page 18 of 20

Mayor says city will review stormwater fee - El Paso Times                    Page 1 of 2

# elpasotimes.com

## Mayor says city will review stormwater fee

Gustavo Reveles Acosta / El Paso Times

Article Launched: 04/25/2008 12:00:00 AM MDT

The Public Service Board will re-evaluate the stormwater fee rate structure that doubled the water bills of some residential and business owners in El Paso, although Mayor John Cook warned that the process would not be fast.

"The (PSB) is committed to revisiting the fee structure to assure that it is fair, equitable and reasonable," said Cook, who sits on the board. "We believe it prudent for us to wait until we have gone through the appeals process so we can reasonably predict the income that will be derived from the fee structure before we make any adjustments."

Cook didn't give details of a timeline.

Water bills mailed this month were higher because of the stormwater fee. The fee is intended to raise money to fix the $220 million in damage caused by the rainstorms of 2006, as well as to improve the drainage infrastructure to help the city deal with similar rainfall in the future.

The fee's calculations can be confusing and have drawn criticism from homeowners, businesspeople and even some City Council members.

Homes and businesses are charged per square foot of property that can't be penetrated by rain and thus causes water runoff.

Auto dealers seem to have been the hardest hit because they have large paved lots to showcase cars. Some dealers, such as the Hoy-Fox Automotive Group, say the stormwater fee has added almost $2,000 to the dealer's water bill.

Even small-business owners said the new fee is affecting their budgets.

"This snuck up on us. We didn't know how it was going to affect us until we got our bill," said Guy Johnsen, the owner of Johnsen Animal Hospital on Lee Treviño Drive. Johnsen said his water bill has risen by about 60 percent since the stormwater fee went into effect.

"I don't have a problem with the people and businesses paying fees and taxes for the betterment of our community," he said. "But I'm glad the city's leadership is thinking about restructuring the fee to something that is fair."

Cook said the PSB must be careful as it reassesses the fee, and that if the fee is altered, it must still be able to bring in enough money to improve the city's drainage system.

"While attempting to raise around $20 million a year for construction, maintenance and operation of the city's stormwater system is an expensive expectation," he said, "the fact is that the existing system has been under-funded (and) neglected in the past."

Advertisement

 

A bright idea in online advertising.
PrinterStitial ads by Format Dynamics.
FormatDynamics

Print Powered By FormatDynamics

http://www.elpasotimes.com//ci_9047809?IADID=Search-www.elpasotimes.com-www.el...    4/29/2008

# elpasotimes.com

East-Valley city Rep. Eddie Holguin lauded Cook's comments on the reassessment of the stormwater fee, and urged him to eliminate it altogether and replace it with a lower fee to rebuild the drainage system over a longer period.

"I'm glad that we're finally hearing all the outcry from the community," Holguin said. "It's taken at face value that we have to pay for a 500-year flood construction project right away, but we still have 490 more years to deal with this and not tax people out of their home in order to get things done."

Cook disagreed, though, and said the city should learn a lesson from the 2006 flood and act quickly to avoid similar destruction.

"It would be easy to ignore those realities and pray that the city would not have another serious event during my tenure as mayor," he said. "I believe that to do so would be irresponsible."

Gustavo Reveles Acosta may be reached at greveles@elpasotimes.com; 546-6133.

Advertisement



A bright idea in online advertising.
PrinterStitial® ads by Format Dynamics.
FormatDynamics®

Print Powered By FormatDynamics