**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **EL PASO APARTMENT ASSOCIATION, et al.,** § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | No. EP-08-CA-0145-DB | |
| § | | |
| **CITY OF EL PASO, et al.**, § | | |
| § | | |
| Defendants. § | | |

**PLAINTIFFS' OBJECTION TO AND MOTION TO STRIKE
DEFENDANTS' EVIDENCE IN SUPPORT OF
DEFENDANTS' MOTION FOR ATTORNEY FEES AND NON-TAXABLE COSTS**

**TO THE HONORABLE DAVID BRIONES, UNITED STATES DISTRICT JUDGE:**

Come now EL PASO APARTMENT ASSOCIATION, et al., Plaintiffs, and file this their Objection to and Motion to Strike Defendants' Evidence in Support of Defendants' Motion for Attorney Fees and Non-taxable Costs, and would show the following:

1. Defendants have filed a motion for attorney fees. Exhibit "2" to that motion consists of the invoices of the law firm representing Defendants in this matter. Exhibit "1" to that motion consists of the affidavit of Defendants' counsel, which refers to those invoices in expressing the opinions that the activities listed were performed in defense of the case, and that the hours listed on the invoices were incurred to provide those services, and that those hours were reasonable and necessary to provide a defense.

2. In the discovery phase of this case, Plaintiffs requested Defendants to produce their attorneys' invoices. (See Exhibit "A," declaration of James A. Martinez [herein, "Martinez dec."], ¶ 2-3; Exhibit "B", Plaintiffs' request for production). Defendants initially objected to the request.

However, after conference with Plaintiffs' counsel, Defendants agreed to produce their invoices. (Martinez dec. ¶ 4).

3. Defendants did produce certain invoices to Plaintiffs by hand delivery to Plaintiffs' counsel on or about April 23, 2009. (Martinez dec. ¶ 5). A true and correct copy of the invoices produced by Defendants is attached as Exhibit "C."

4. The latest invoice produced by Defendants was dated March 17, 2009. (Martinez dec. ¶ 6; see Ex. C). Notably, Defendants' motion for attorney fees attaches an invoice dated April 15, 2009; this invoice was therefore in existence, but was not produced, when the invoices were delivered to Plaintiffs' counsel on April 23, 2009.

5. Defendants never supplemented their response to this request for production, never produced any invoices after April 23, 2009, and never produced any invoices dated after March 17, 2009, until these documents were attached by Defendants to their motion for an award of attorney fees. (Martinez dec. ¶ 8).

6. The invoices produced by Defendants on April 23 were redacted to remove any description of the services rendered by Defendants' attorneys. (Martinez dec. ¶ 7; see Ex. C).

7. Defendants never produced unredacted copies of their attorneys' invoices in discovery. (Martinez dec. ¶ 9). The invoices attached by Defendants as Exhibit "2" to their fee application are not redacted to remove the same information.

8. Plaintiffs move the Court to strike the portions of Defendants' exhibit 2 which consist of invoices dated after March 17, 2009, based on Defendants' refusal to produce these documents in discovery.

9. Plaintiffs further move the Court to strike the portions of all invoices included in Defendants' exhibit 2 which describe the work performed by Defendants' attorneys, based on Defendants' refusal to provide this information in discovery.

10. Plaintiffs further move the Court to strike the portions of Defendants' exhibit 1 which rely on these invoices, including the calculation of the total fees sought by Defendants, and defense counsel's opinions that the activities listed were performed in defense of the case, that the hours listed on the invoices were incurred to provide those services, and that those hours were reasonable and necessary to provide a defense.

11. Defendants should not be permitted to conceal this information in discovery, then rely upon it as a basis to request the Court to assess nearly half a million dollars in attorney fees against Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court strike the above-described evidence filed by Defendants in support of their motion for attorney fees, deny Defendants' motion for attorney fees, and for such other relief to which they may be justly entitled.

Respectfully submitted,

/s/ James A. Martinez
**James A. Martinez**
State Bar No. 00791192
James A. Martinez, P.L.L.C.
501 N. Kansas, Suite 201
El Paso, Texas 79901
915/543.9712
915/543.9718 fax

And

/s/ John P. Mobbs
John P. Mobbs
State Bar No. 00784618
4157 Rio Bravo
El Paso, Texas 79902
Tel. (915) 541-8810
Fax (915) 532-8373

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

    I hereby certify that on January 15, 2010, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel.

/s/ John P. Mobbs
John P. Mobbs