IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISON

| | | |
|---|---|---|
| El PASO APARTMENT ASSOCIATION, et al., | § § § | |
| Plaintiffs, | § § | CAUSE No. |
| v. | § § | EP-08-CA-145-DB |
| CITY OF EL PASO, et al., | § § § | |
| Defendants. | § § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' EVIDENCE IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS

**TO THE HONORABLE JUDGE OF THE COURT:**

DEFENDANTS the City of El Paso, Texas ("City") acting by and through the El Paso Water Utility – Public Service Board ("EPWU"), and Edmund G. Archuleta, in his official capacity as President and CEO of EPWU ("Archuleta"), all collectively "Defendants," file this Defendants' Response to Plaintiffs' Objection to and Motion to Strike Defendants' Evidence in Support of Defendants' Motion for Attorneys' Fees and Non-Taxable Costs, and in support thereof say as follows:

1. In Plaintiffs' objection to and motion to strike certain of Defendants' evidence in support of the fees motion and in Plaintiffs' Response to the motion for attorneys' fees, Plaintiffs argue that because Defendants provided redacted invoices to them during discovery, and the last invoice produced was from March 17, 2009, the Court should strike Defendants' fee invoices for periods after the March 17, 2009 invoice, and the portions of all invoices describing the services rendered, and Defendants' affidavit testimony based on these

1

documents.

2. In the discovery phase of this case, Plaintiffs requested "a copy of any fee or representation agreement with all invoices received from Alejandro Acosta and/or his law firm for attorney's fees and expenses to date in this proceeding."

3. Defendants objected to this request because it sought production of documents or information subject to attorney-client privilege, attorney work product or other legal privileges.

4. Defendants further objected that the request was premature because the practice in federal court is that issues regarding attorneys' fees and whether a party has prevailed sufficiently to be entitled to an award of attorneys' fees are matters that may not be taken up until the case itself has been decided.

5. Because Plaintiffs indicated that they only wanted to know the amount of attorneys' fees incurred, the parties agreed that Defendants would produce invoices that redacted the descriptions of work.

6. Defendants produced redacted invoices on or about April 23, 2009.

7. Plaintiffs did not follow up with additional requests to Defendants, did not ask Defendants to supplement the response, did not express dissatisfaction with what had been produced, did not file a motion to compel with the Court at the time, or in any other way indicate that they were dissatisfied with Defendants' response.

8. On December 30, 2009, in light of the fact that Plaintiffs' counsel had previously indicated to Mr. Acosta they would oppose any request for any attorneys' fees, Defendants provided Plaintiffs a draft copy of the Motion for Attorneys' Fees and Non-Taxable Costs along with drafts of all of the exhibits, including the invoices of attorneys'

fees with only a few minor redactions to protect privileged matters in case this case is remanded, to allow Plaintiffs adequate time to review the documents and prepare their opposition, and in satisfaction of the obligation to confer.

9. Fed. R. Civ. P. 54 only requires that Defendants file a motion setting forth the amount of attorneys' fees requested, or a fair estimate, and the Western District's Local Rule CV-7(i)(1) indicates that detailed time sheets would have been required only upon request by the Court.

10. Plaintiffs have had adequate time – more than the full time permitted under the rules – to review the materials and timely file their response and objections. Plaintiffs have not been prejudiced in their ability to do so, nor have they asserted that they were.

11. Plaintiffs have not alleged that not having had the unredacted descriptions, or the invoices dated after March 17, 2009, since discovery prejudiced their defense to the motion for attorneys' fees, prevented them from adequately preparing their objections and response to that motion, or otherwise caused them prejudice.

12. Plaintiffs have not alleged that the unredacted descriptions, or the invoices dated after March 17, 2009, were germane in any way to their case on the merits, or that they were prejudiced in the presentation of their case on the merits or their response to Defendant's summary judgment motion.

13. Furthermore, Plaintiffs have not provided a legal basis to support their request to strike the above-described documents.

14. Accordingly, Defendants ask the Court to deny Plaintiffs' objections to and motion to strike the evidence supporting Defendants' motion for fees.

Respectfully submitted,

Alejandro Acosta, Jr.
State Bar No. 00835600
Bickerstaff Heath Delgado Acosta LLP
725 S. Mesa Hills
Building 1, Suite 2
El Paso, Texas 79912
Tel: (915) 533-1810
Fax: (915) 533-1841

Douglas G. Caroom
State Bar No. 03832700
Sydney W. Falk, Jr.
State Bar No. 06795400
Bickerstaff Heath Delgado Acosta LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
Tel: (512) 472-8021
Fax: (512) 320-5638

Robert D. Andron
State Bar No. 01254600
El Paso Water Utilities - Public Service Board
1154 Hawkins Boulevard
El Paso, Texas 79925
Tel: (915) 594-5607
Fax: (915) 594-5699

By:   \s\ Alejandro Acosta, Jr.
      Alejandro Acosta, Jr.

Attorneys for Defendants
City of El Paso, et al.

4

# CERTIFICATE OF SERVICE

I hereby certify, by my signature below, that on this 26th day of January, 2010, I electronically filed the foregoing Defendants' Response to Plaintiffs' Objection to and Motion to Strike Defendants' Evidence in Support of Defendants' Motion for Attorneys' Fees and Non-Taxable Costs with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

James A. Martinez
James A. Martinez, P.L.L.C.
501 N. Kansas, Suite 201
El Paso, Texas 79901
915/543-9712
915/543-9718 (fax)

John P. Mobbs
4157 Rio Bravo
El Paso, Texas 79902
915/541-8810
915/532-8373 (fax)

Attorneys for Plaintiffs

\s\ Alejandro Acosta, Jr.
Alejandro Acosta, Jr.

THE STATE OF TEXAS

COUNTY OF _El Paso_

### AFFIDAVIT OF ALEJANDRO ACOSTA, JR. IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO AND MOTION TO STRIKE DEFENDANTS' EVIDENCE IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS

Before me, the undersigned notary, on this day personally appeared Alejandro Acosta, Jr., the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

1. "My name is Alejandro Acosta, Jr. I am over 21 years of age and am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am an attorney licensed to practice in the State of Texas and admitted to practice before the courts of the Western District of Texas.

3. I am a partner in the law firm Bickerstaff Heath Delgado Acosta LLP, with offices in El Paso, Dallas, Houston, McAllen, and Austin, Texas.

4. The City of El Paso, Texas, acting by and through the El Paso Water Utility – Public Service Board ("EPWU"), and Edmund G. Archuleta, in his official capacity as President and CEO of EPWU, all collectively "Defendants," retained my firm to defend them in this suit challenging the City's (EPWU's) storm water drainage utility fees.

5. In the discovery phase of this case, Plaintiffs requested "a copy of any fee or representation agreement with all invoices received from Alejandro Acosta and/or his law firm for attorney's fees and expenses to date in this proceeding."

6. Defendants objected to this request because it sought production of documents or information subject to attorney-client privilege, attorney work product or other legal privileges.

7. Defendants further objected that the request was premature because the practice in federal court is that issues regarding attorneys' fees and whether a party has prevailed sufficiently to be entitled to an award of attorneys' fees are matters that may not be taken up until the case itself has been decided.

8. Because Plaintiffs indicated that they only wanted to know the amount of attorneys' fees incurred, the parties agreed that Defendants would produce invoices that redacted the descriptions of work.

9. Defendants produced the invoices on or about April 23, 2009.

10. Plaintiffs did not follow up with additional requests to Defendants, did not ask Defendants to supplement the response, did not express dissatisfaction with what had been produced, did not file a motion to compel with the Court at the time, or in any other way indicate that they were dissatisfied with Defendants' response.

11. On December 30, 2009, in light of the fact that Plaintiffs' counsel had previously indicated to me they would oppose any request for any attorneys' fees, Defendants provided Plaintiffs a draft copy of the Motion for Attorneys' Fees and Non-Taxable Costs along with drafts of all of the exhibits, including the invoices of attorneys' fees with only a few minor redactions to protect privileged matters in case this case is remanded, to allow Plaintiffs adequate time to review the documents and prepare their opposition, and in satisfaction of the obligation to confer."

_____
Alejandro Acosta, Jr.

SWORN TO and SUBSCRIBED before me by Alejandro Acosta, Jr. on
JANUARY 26, 2010.

_____
Notary Public in and for the
State of Texas



LETICIA PACHECO
Notary Public, State of Texas
My Commission Expires
AUGUST 25, 2012